guage contemplates that incapacitated persons may be parties to a divorce action.

Under § 475.120.2 a guardian of an incapacitated person is directed to act "in the best interest" of the ward. The guardian is given the power and duty "to promote and protect the ... welfare of the ward" and those powers are not limited by the statute. § 475.130.4 also provides that the conservator of a ward's estate "shall prosecute and defend all actions instituted in behalf of or against" the ward, as Judge Fenner noted in his order of July 28, 1987.

In the present case the record establishes that Lavon C. Parmer initiated the dissolution proceeding before she was declared incapacitated. By doing so, Ms. Parmer demonstrated her desire that the marriage be dissolved. After a hearing the evidence, the court found that the dissolution action was in Ms. Parmer's best interest and ordered her guardian to proceed. The evidence was sufficient to support the court's finding, and we find no abuse of discretion. The authorities upon which appellant relies are inapposite.

Accordingly, we affirm the judgment.

All concur.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and SHANGLER and MANFORD, JJ.

ORDER

PER CURIAM.

Appeal from denial of a Rule 27.26 motion for post-conviction relief.

Affirmed. Rule 84.16(b).

**Taylor FIELDS, Appellant,**

v.

**Granville E. CLARK, Respondent.**

**No. WD 39950.**

Missouri Court of Appeals, Western District.

July 19, 1988.

**Emmett PENDERGRAS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 39999.**

Missouri Court of Appeals, Western District.

July 19, 1988.

Joseph H. Locascio, Sp. Public Defender, Kansas City, for movant-appellant.

